Hodnicki *v.* The Pere Marquette Ry. Co.
Mazewski *v.* The Pere Marquette Ry. Co.

*Negligence—Federal Employers' Liability Act—Assumption of risk—Affirmative defense to be specially pleaded and proven—General verdict sustained notwithstanding error in charge upon one issue.*

1. In action under federal Employers' Liability Act (Title 45, Section 51 *et seq.*, U. S. C.) defense of assumed risk is an affirmative defense which must be specially pleaded by defendant and supported by evidence.
2. In action under federal Employers' Liability Act by employes against railroad, involving issues of negligence, contributory negligence, and assumption of risk, general verdict for railroad, without further finding, must be affirmed, though court erred in charging on one of issues presented.

(Decided May 25, 1925.)

Error: Court of Appeals for Lucas county.

*Messrs. Calkins, Storey & Nye,* for plaintiffs in error.

*Messrs. Tyler, McMahon & Smith,* for defendant in error.

YOUNG, J.  The plaintiffs in error were plaintiffs in the court of common pleas and the parties will be referred to in this court as plaintiffs and defendant.  The facts in these cases, and the principles of law governing the issues, not being dissimilar, they will here be considered together.

The actions are to recover damages by reason of personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendant, the Pere Marquette Railway Company.  The petitions were filed on May 14, 1923.  The allegations of the petitions are that the accident occurred on October 24, 1922, about 6 o'clock in the evening, while the plaintiffs were engaged in removing steel rails from a gondola car and replacing them in another position indicated by the foreman of the defendant company.  The dropping of a steel rail injured both plaintiffs at the same time.  These rails were about 33 feet in length and weighed about 1,650 pounds.  In order to handle the rails it was necessary for the employes, members of a crew, to distribute themselves along the length of the rail, and, at a signal given by the foreman, to raise the same by hand, carry it to the place designated, and then drop it when so ordered by the foreman.  This was necessary in order that the men or crew act in unison both in lifting and in releasing their hold upon the rail, thus protecting themselves from accident and injury.

It is averred that on this particular date, while the plaintiffs were so employed, and when the members of the crew, including the plaintiffs, had lifted

one of the rails, pursuant to the order of the foreman, and had carried it to another place to be deposited, the foreman negligently, carelessly, and without any regard for the care and safety of such employes, composed of said crew of men, and especially of said plaintiffs, failed and neglected to instruct and order said crew when to release their hold on said rail, so that some of the members of the crew released their hold before the plaintiffs, causing said rail to fall violently upon other rails and rebound therefrom, which caused the injury complained of here and for which the plaintiffs claim damages. The petitions further contain the allegations that at the time and place of the injury to plaintiffs they and the defendant were engaged in interstate commerce. To the petitions the defendant filed amended answers, admitting that the defendant and the plaintiffs were engaged in interstate commerce, and, other than admitting certain allegations of the petitions, denied each and every other allegation and averment in said first and second causes of action therein set forth. For a second defense defendant says that, if the plaintiffs received or sustained any injuries at the time and place mentioned or described in said petitions, the same were caused by their own carelessness and negligence, and in no wise by the negligence of the defendant; that all risks and dangers connected with the situation at the time and place mentioned in said petition were open, obvious, and apparent, and were known to and assumed by the plaintiffs herein. To these answers, replies were filed, denying each and every allegation in the defendant's amended answers except such as were admitted. The causes were tried

to separate juries, and in each instance a general verdict was returned for the defendant, without further findings. Upon the overruling of motions for new trials error was prosecuted to this court, and the only error complained of is the charge by the court in each instance.

The parties agree that they were engaged at the time in interstate commerce and that the federal Employers' Liability Act (Title 45, Section 51, et seq., U. S. C.), governs, but complain of the charge of the court, in that in the Hodnicki case the court first charged the common law on negligence and contributory negligence, and afterwards undertook to withdraw that charge and charged under the state law relating to employers' liability, while in the Mazewski case the court charged the jury under the state law relating to employers' liability. It is conceded by all parties that the court in each instance, in so charging, committed error.

The amended answers raise the issue of negligence, contributory negligence, and assumed risk, and the record contains evidence tending to sustain all these issues. The decisions in the cases before us, therefore, hinge upon the determination of the rights of the respective parties under the law applicable when two or more issues are raised by the pleadings, and under the facts to be determined by a jury. In the case of McAllister v. Hartzell, 60 Ohio St., 69, 53 N. E., 715, we quote the second paragraph of the syllabus:

"Where two issues are presented in the pleadings for the determination of the jury, and there is a verdict finding the issues for the defendant, and such finding on either issue entitles him to a general judgment in his favor, and a judgment is

rendered on the verdict, such judgment will not be reversed for error in the instructions of the court to the jury relating exclusively to one of the issues. *Sites* v. *Haverstick*, 23 Ohio St., 626, approved and followed.''

It is settled in this state that in a case where the issues are such that a finding on either in favor of the successful party entitles him to the judgment rendered, the judgment should not be reversed for error in the instructions to the jury relating exclusively to one of the issues.

In the case of *Ochsner, Adm'r.*, v. *Cincinnati Traction Co.*, 107 Ohio St., 33, 140 N. E., 644, the first paragraph of the syllabus reads:

''In a suit for damages for wrongful death when two issues arising on a single cause of action are submitted to a jury, to wit, first, negligence, and second, damages, and in order to recover plaintiff must prevail upon both, and upon trial a general verdict is returned for defendant, and such verdict might have been so returned on either or both of such issues, and there is nothing in the record to disclose upon which issue the jury based its verdict, a judgment on the same should not be reversed, even though error may have intervened in the instructions of the court to the jury relating exclusively to one of such issues.''

We also quote from the opinion of the court, at page 38 (140 N. E., 646) as follows:

''The verdict being a general one in favor of the defendant, we have just as much right to assume that the jury found in favor of the defendant upon the issue of negligence as we have to assume that they found for the plaintiff upon that issue. Of course, if the jury found that the defendant was

not negligent, then they never reached the question of damages, and the verdict was necessarily for the defendant.

"To have ascertained whether the jury found the defendant company guilty of negligence, an interrogatory 'Do you find the defendant guilty of any of the acts of negligence complained of in the petition?' might have been submitted to the jury, an answer to which would have completely solved the problem whether or not the company had been negligent in the premises."

The defense of assumed risk is an affirmative defense, and, in order for the defendant to avail itself of that affirmative defense, it is necessary to plead it specially and support it by testimony. *Jones* v. *Erie Rd. Co.*, 106 Ohio St., 408, 140 N. E., 366.

We are therefore not prepared to say that reversible error intervened in the records in the light of the court's instruction taken as an entirety. Finding no reversible error, the judgments will be affirmed.

*Judgments affirmed.*

RICHARDS and WILLIAMS, JJ., concur.